S.W.2d 414, and Williams v. State, 159 Tex. Cr.R. 487, 264 S.W.2d 731.

Appellant did not testify or offer any evidence in his own behalf.

■ Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

**Ex parte Thomas Edward LEWIS.**

**No. 32556.**

Court of Criminal Appeals of Texas.

Oct. 26, 1960.

Robert C. Benavides, Dallas, for Relator.

Will Wilson, Atty. Gen., of Texas, Leon F. Pesek, Asst. Atty. Gen., and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

Relator applies for a writ of habeas corpus alleging that he is unlawfully confined in the Texas Department of Corrections. The application was set for hearing upon the question of whether the writ should issue.

On June 8, 1959, while appellant was serving a life sentence, he agreed to and accepted in writing certain conditions upon which he was paroled to the State of California.

Thereafter, on August 25, 1959, the Governor of Texas revoked said parole, and ordered that a warrant of arrest issue for him and that he be returned to and confined in the Texas Department of Corrections. This warrant was executed.

Appellant contends that he should be discharged from confinement on the ground that he was not given a hearing before the Board of Pardons and Paroles within forty-five days of the date of his arrest.

The Texas Constitution, Article 4, Section 11, Vernon's Ann.St., provides in part:

"* * * The Governor * * * shall have power to revoke paroles * * *."

The pertinent provisions of Art. 781d, Vernon's Ann.C.C.P., read as follows:

"Sec. 21. Upon order by the Governor, the Board is authorized to issue a warrant for the return of any paroled prisoner to the institution from which he was paroled. Such warrant shall authorize all officers named therein to return such paroled prisoner to actual custody in the penal institution from which he was paroled. Pending hearing, as hereinafter provided, upon any charge of parole violation, the prisoner shall remain incarcerated in such institution. * * *"

"Sec. 22. * * * Whenever a paroled prisoner is accused of a violation of his parole on information and complaint by a law enforcement officer or parole officer, he shall be entitled to be heard on such charges before the Board under such rules and regulations as the Board may adopt; providing, however, said hearing shall be held within forty-five days of the date of arrest and at a time and place set by the Board. * * *"

There is no showing in the record that the relator at anytime has requested a hearing before the Board.

The statute above cited does not impose any mandatory duty upon the Board to initiate and conduct a hearing.

The fact that the Board did not hold a hearing, under the facts presented, does not authorize relator's release.

The relief prayed for is denied.

Opinion approved by the Court.