**Ex parte Calvin SELLARS.**

**No. 37455.**

Court of Criminal Appeals of Texas.

Nov. 18, 1964.

On Motion for Rehearing Dec. 16, 1964.

Josephine Clements, Houston, Calvin Sellars, pro se (on motion), for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Asst. Dist. Atty., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

A hearing was had before the Honorable Arnold H. Krichamer, Judge of the Criminal District Court #4 of Harris County on the question of the legality of relator's restraint at the conclusion of which the court denied the writ. The record of such hearing has been forwarded to this Court, and we will treat it as an original application for writ of habeas corpus under Article 119, Vernon's Ann.C.C.P.

At the hearing the respondent offered among other things a duly authenticated parole granted relator dated August 27, 1962, a revocation of such parole signed by the Governor and dated March 25, 1964, a carbon copy of an indictment charging relator and others with robbery by firearms alleged to have occurred on March 11, 1964, and an order of the court dismissing said indictment because of want of form, which order recites that another indictment against relator and the others charging the same offense has been returned by the Harris County Grand Jury. The Sheriff's return reveals that he is holding relator to answer this new indictment.

Relator is in no position to question the failure of the Board of Pardons and Paroles to hold a hearing on the question of revocation of his parole. Ex Parte Lewis, 170 Tex.Cr.R. 254, 339 S.W.2d 900. By the same token he is in no position to contend that he is entitled to credit for the time spent on parole. His parole signed by the Governor expressly recited that time served while on parole should be forfeited in case of revocation. Section 8, Article 781d, V.A.C.C.P.

Since relator's parole has been revoked, the question of bail is not before this Court.

The relief prayed for is denied.

WOODLEY, Presiding Judge.

On Relator's Motion for Rehearing

Relator has presented to this Court a "Motion for leave to file for original Writ of Habeas Corpus," in which he again contends that he is entitled to credit for time spent on parole which was revoked without hearing. It was filed as a motion for rehearing.

Relator has since requested that the document be withdrawn and not considered as a motion for rehearing and that it was not intended as such.

Relator's motion to withdraw the document is granted and mandate will issue.