**Ex parte Ezell JOHNSON.**

**No. 69395.**

Court of Criminal Appeals of Texas, En Banc.

May 22, 1985.

---

Randy Farrar, Huntsville, for appellant.

Ronald Earle, Dist. Atty., and David M. Boatright, Asst. Dist. Atty., Robert Huttash, State's Atty., Austin, for the State.

## OPINION

WHITE, Judge.

Applicant is before this Court seeking habeas corpus relief pursuant to Art. 11.07, V.A.C.C.P. The applicant asserts that his parole was automatically and wrongfully revoked without the benefit of a hearing.

On October 24, 1966, applicant was convicted of murder with malice aforethought in the 147th Judicial District Court of Travis County and sentenced to serve 60 years in the Texas Department of Corrections. The applicant was released on parole in 1976. On August 9, 1983, while on parole, the applicant was convicted in the 299th District Court of Travis County for rape of a child and sentenced to serve 24 years in the Texas Department of Corrections.

It appears from the record that parole was automatically revoked, without the benefit of a hearing before the proper authorities. The parole board had adopted a policy of eliminating revocation hearings for parolees who had been indicted for and convicted of a felony while serving parole. Tex.Bd.Pardons and Paroles Rule 145.41(5), 5 Tex.Reg. 4178 (1982). The applicant cites *Ex parte Maceyra*, 690 S.W.2d 572, (Tex. Cr.App.1983) (rehearing denied this day), and Art. 42.12, Sec. 22, V.A.C.C.P., to support his position. Art. 42.12, Sec. 22, V.A.C.C.P., provides:

"Whenever a prisoner or a person granted a conditional pardon is accused of a violation of his parole, mandatory supervision, or conditional pardon on information and complaint by a law enforcement officer or parole officer, *he shall be entitled to be heard* on such charges before the Board or its designee under such rules and regulations as the Board may adopt...."

The State, in its answer, admits that the applicant's argument concerning his right to a hearing prior to parole revocation is indeed a meritorious claim. The State also cites the *Maceyra* case, supra. However, the State maintains that although the hearing should be granted, the applicant should remain incarcerated under independent grounds, i.e. for his conviction for the offense of rape of a child. We agree.

The United States Supreme Court in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), held that a release on parole is a form of liberty which cannot be denied without due process of law. See also *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 696 (1973). This hearing must be held in two stages. The first stage must be in the form of a preliminary hearing to determine whether there is probable cause to believe the parolee committed a violation. The second stage consists of a full evaluation of all facts and circumstances surrounding the alleged violation and a determination of whether the circumstances warrant parole revocation. See *Morrissey v. Brewer*, 408 U.S. 471, 487–488, 92 S.Ct. 2593, 2603, 33 L.Ed.2d 484, 496–497 (1972).

■ Furthermore, Texas law is clear on this subject. It was clearly the intention of the Texas Legislature, in enacting Art. 42.-12, Sec. 22, V.A.C.C.P., that the State Board of Pardons and Paroles give every parolee the right to be personally heard at parole revocation proceedings. The language is mandatory. Art. 42.12, supra, specifically forbids any hearings of an ex parte nature.

■ The proper parole revocation proceeding should be held as soon as possible. A copy of this order shall be sent to the Texas Board of Pardons and Paroles and the Texas Department of Corrections. However, we also order that the applicant must remain in the custody of the Texas Department of Corrections. In the event the decision is made not to revoke the applicant's parole, he shall nevertheless remain in custody to serve the full sentence imposed for rape of a child.

It is so ordered.

ONION, Presiding Judge, concurring.

I agree with the result reached in light of *Ex parte Glenn*, 690 S.W.2d 578 (Tex.Cr. App.1985, this day decided), and *Ex parte Maceyra*, 690 S.W.2d 572 (Tex.Cr.App. 1985) (Opinion on State's Motion for Rehearing—this day decided).

I would make clear that any future revocation hearing need not be in two stages in this instant case. The applicant has already been convicted of rape of a child while he was on parole. The issue of his guilt on that charge need not be relitigated in a parole revocation hearing. See *Ex parte Glenn*. The only hearing necessary is the statutory one provided in Article 42.12, § 22, V.A.C.C.P.

I concur.

TEAGUE, Judge, concurring.

For the reasons I have stated in the concurring opinion that I filed in *Ex parte. Glenn*, 690 S.W.2d 578 (Tex.Cr.App.1985), I only concur.