Ex parte Robert Arthur HALL.

No. 69489.

Court of Criminal Appeals of Texas,
En banc.

Oct. 2, 1985.

Brent Leidtke, Galveston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Karen Zellars, Asst. Dist. Atty., Houston, Harry C. Green, General Counsel and Deborah L. Howard, Asst. General Counsel, Austin, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is a post-conviction writ of habeas corpus application proceeding initiated pursuant to Article 11.07, V.A.C.C.P.

Applicant filed his habeas corpus application in the convicting court, 185th District Court, in Harris County, alleging that the revocation of his parole should be set aside because his revocation hearing was not completed within 90 days as required by Article 42.12, § 22, V.A.C.C.P., in effect at the time, and that in the process he was denied due process of law.

The convicting court did not hold an evidentiary hearing but filed findings of fact and conclusions of law. The court found the hearing had commenced within 90 days as required by the statute, and that applicant was not denied due process of law by that fact or by the procedure utilized. The Court recommended that relief be denied and ordered the record forwarded to this Court. See Article 11.07, V.A.C.C.P.

Applicant was convicted and sentenced in five felony cases on August 26, 1975. Two convictions were for burglary of a habitation. He received 30 years' imprisonment in each case. For the aggravated

assault and felony escape convictions he received 10 years' imprisonment in each case. Twelve (12) years' imprisonment was imposed for the oral sodomy conviction. Applicant was committed to the Department of Corrections on September 2, 1975.

Applicant was released on parole on February 27, 1984, subject to certain conditions and terms. It appears that on June 4, 1984, applicant was arrested in Harris County for unlawful possession of marihuana and unlawfully carrying a weapon. On June 5, 1984, he reported to his supervising parole officer, Louis George, in Harris County that he had had no trouble with the law. The parole officer requested through regular procedure a warrant for applicant's arrest for parole violations including an untruthful monthly report. He was not detained.

On June 11, 1984, applicant was arrested in Galveston for the offenses of aggravated kidnapping and aggravated sexual abuse occurring on June 10, 1984. On June 13, 1984 Parole Officer Rogers, Galveston, requested an emergency arrest warrant be issued by the Board of Pardons and Paroles. It was issued and teletyped to the Sheriff of Galveston County. On July 10, 1984 Officer Rogers interviewed applicant. He denied the allegations of sexual abuse and kidnapping, asked for a hearing and gave the name of his attorney. A hearing was set for August 9, 1984 and applicant was notified. A pre-hearing conference was requested by applicant's attorney and was held July 23, 1984. At the hearing it was determined that June 13, 1984 was the date on which the 90 day time period was to commence. A second written "Notice of Alleged Violations of Release" alleging six alleged infractions of parole conditions was served on applicant. It is not clear whether the aggravated kidnapping and aggravated sexual abuse charges alleged as violations were dismissed then or later by the hearing officer.[1]

Under any circumstances, the parole revocation hearing commenced on the afternoon of August 9, 1984 at 1 p.m., 57 days after June 13th. According to the State's version, the hearing officer was notified by officials of Galveston County the courthouse was being closed at 5 p.m. and applicant was to be returned to jail, that the hearing officer Goldate informed applicant's counsel the hearing would have to be continued and reset in view of the officer's scheduled hearings in Beaumont and that he (counsel) would be notified. The State claims the continuation of the hearing was reset on September 28, 1984, applicant's counsel did not appear at the hearing. He was found in the Galveston County Courthouse, but claimed he had not received notice of the hearing and asked for a continuance. The continuation of the hearing was then reset for December 17, 1984. Applicant asserts in his pleadings his attorney also asked for his release on September 28, 1984, because the 90 day time period had elapsed on September 13, 1984.

On October 17, 1984, applicant filed an application for writ of habeas corpus in the 122nd District Court of Galveston. On November 8, 1984, the cause was transferred to the 10th District Court and heard by Judge Ed Harris. The habeas application was dismissed for want of jurisdiction, apparently on the basis it was a post-conviction writ of habeas corpus that should have been filed in the convicting court. See Article 11.07, V.A.C.C.P. On November 14, 1984, the District Attorney dismissed the pending cases against applicant in Galveston.[2] On December 11, 1984 applicant filed a second application for writ of habeas corpus in the 212th District Court of Galveston. After a hearing on December 12, 1984, Judge Don Morgan granted relief "unless said writ is denied by the Court of Criminal Appeals at Austin."

On December 17, 1984 the parole revocation hearing resumed, and evidence was

---

1. It appears the District Attorney's office did not want the complaining witness in the kidnapping and sexual abuse case to have to testify at the revocation hearing.

2. These cases were no longer a part of the alleged parole violations.

adduced. About 2:30 p.m. the hearing concluded, and subsequently the hearing officer telephoned her recommendations to the Board of Pardons and Paroles. It appears that subsequently the revocation was authorized by the Board. On December 18, 1984, when applicant's attorney sought his release per Judge Morgan's order, he was informed the judge had rescinded his order.

On December 20, 1984 applicant filed an application for writ of habeas corpus with the Court of Criminal Appeals. It was denied without prejudice to applicant filing his application in the convicting court, the 188th District Court of Harris County. This was done as earlier noted.

Article 42.12, § 22, V.A.C.C.P., provides:

"Whenever a prisoner or a person granted a conditional pardon is accused of a violation of his parole, mandatory supervision, or conditional pardon on information and complaint by a law enforcement officer or parole officer, he shall be entitled to be heard on such charges before the Board or its designee under such rules and regulations as the Board may adopt; provided, however, said hearing shall be a public hearing *and shall be held within ninety days of the date of arrest* under a warrant issued by the Board of Pardons and Paroles or the Governor and time and place set by the Board...." (Emphasis supplied.)

■ Applicant asks us to interpret the foregoing statute to mean that the aforesaid hearing should not only commence but be completed within 90 days. It is undisputed that the hearing in the instant case commenced on the 57th day after his arrest. It just was not completed within the 90 days. None of the authorities cited by applicant support appellant's position.[3] Our study convinces us that the Legislature did not intend that a hearing which commences within the 90 day period must be completed within that period regardless

of the circumstances. Applicant's contention is overruled.

■ In pressing his due process claim in the manner in which the revocation hearing was conducted, he again urges the failure to complete the hearing within 90 days as well as several other matters. He claims he was held without bail on his revocation warrant after the Galveston County charges were dismissed by the District Attorney. He fails to mention the other alleged violations of parole. He contends the Board's procedural rules were not followed because at the conclusion of the hearing on December 17th the hearing officer telephoned her recommendations to the Board while the tape recorder was left in the hearing room; that she took her notes from the August 9th hearing into the other room while using the telephone, but not her notes from that day's hearing; that the rules call for the forwarding of all documents, exhibits, report of the hearing, recommendations, etc., to the Board of Pardons and Paroles, and do not contemplate the use of the telephone. Appellant does not contend that the rules were not subsequently followed, but only that a telephone was used on December 17th. We do not find that applicant has been deprived of the due process of law as claimed.

The relief prayed for is denied.

CLINTON and MILLER, JJ., dissent.

---

**3.** Cases relating to whether a parolee must request a hearing under Article 42.12, § 22, V.A.C.P., are not here in point. See *Ex parte Maceyra,* 690 S.W.2d 572, 576 (Tex.Cr.App.1985) (opin-

ion on rehearing). The applicant requested a hearing and the hearing commenced on the 57th day.