**Lyman T. SHEPARD, Appellant,**

v.

**UNITED STATES PAROLE COMMISSION, Appellee.**

**No. 1312, Docket 76–2021.**

United States Court of Appeals, Second Circuit.

Submitted March 25, 1977.

Decided May 4, 1977.

Phylis Skloot Bamberger, New York City (William J. Gallagher, The Legal Aid Society, Federal Defender Services Unit, New York City, of counsel), for appellant.

Benjamin R. Civiletti, Asst. Atty. Gen., Crim. Div., Dept. of Justice, Washington, D. C. (George W. Calhoun and Mitchell B. Dubick, Attys., Dept. of Justice, Washington, D. C., of counsel), for appellee.

Before KAUFMAN, Chief Judge, and SMITH and MANSFIELD, Circuit Judges.

PER CURIAM:

On April 18, 1974 Lyman T. Shepard was released on parole by federal authorities. On December 17, 1974 he was convicted and sentenced to four years' imprisonment by a New York court for attempted robbery. On January 10, 1975 the United States Board of Parole (now the "Commission") lodged a detainer against Shepard. He filed a petition for a writ of habeas corpus, which was denied by the United States District Court for the Northern District of New York, James T. Foley, *Chief Judge.* On September 7, 1976 this court reversed

and ordered the Commission "to review Shepard's detainer in conformance with this opinion within such time as the [district] court may fix." 541 F.2d 322, 329 (2d Cir. 1976), *cert. filed* 45 U.S.L.W. 3417 (Dec. 1, 1976). On November 15, 1976 the Supreme Court decided *Moody v. Daggett,* 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236. On December 15, 1976 Shepard was released from New York prison, and on January 11, 1977 he was given a parole revocation hearing by the Commission. His federal parole was revoked and his prison sentence extended to at least November, 1977. On January 17, 1977 the Supreme Court vacated and remanded to this court "for further consideration in light of *Moody v. Daggett,* 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) and to consider whether the case is moot." 429 U.S. 1057, 97 S.Ct. 779, 50 L.Ed.2d 773.

The intervening term having been completed and the parole revocation hearing held, we conclude that the case has become moot.[1] We therefore reverse and remand to the district court with instructions to dismiss this action as moot.

---

1. The possibility of a demonstration of prejudice from delay in the hearing appears to us too remote and speculative to support further injunctive relief. See *Shelton v. Taylor,* 550 F.2d 98, 102 (2d Cir. 1977).