**Gordon Franklin HEINZ,
Petitioner-Appellee,**

v.

**Harlan McNUTT, as successor to Charles Morris as Secretary of State of Washington State Department of Social and Health Services, Bruce Johnson, Jack Berry, Eugene Corr, George Johnson, Ross Peterson and Helen Radcliff, Members of the State Board of Prison Terms and Paroles, Respondents-Appellants.**

No. 77–2632.

United States Court of Appeals,
Ninth Circuit.

Sept. 1, 1978.

Rehearing Denied Oct. 2, 1978.

---

**3.** Prior to the Tax Reform Act of 1976, 26 U.S.C. § 1402(g) was designated 26 U.S.C. § 1402(h).

Nate D. Mannakee, Asst. Atty. Gen. (argued), Olympic, Wash., for respondents-appellants.

John H. Hertog, Jr. (argued), Walla Walla, Wash., for petitioner-appellee.

Before HUFSTEDLER, WRIGHT and KENNEDY, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Appellants, the Secretary of the State of Washington, the State Department of Social and Health Services, and members of the Washington Board of Prison Terms and Paroles (Parole Board) appeal from the district court's grant of Heinz's petition for a writ of habeas corpus. We affirm.

## FACTS

In 1962, Heinz was convicted of second degree burglary and sentenced to 15 years imprisonment. He was released on parole in 1974. While on parole, he was convicted of first degree forgery and sentenced by a Washington state court to serve two concurrent 20-year maximum prison terms. He remained at liberty on bond pending appeal of the forgery convictions. Thereafter, in August 1975, he was arrested on a parole warrant. A preliminary parole revocation hearing was conducted and probable cause was found.

On September 11, 1975, without a hearing, Heinz's parole was revoked administratively by the Parole Board under authority of Wash.Rev.Code § 9.95.120 (1974). A new minimum term on the burglary conviction was set on October 28, 1975, at a meeting of the Board at which Heinz was present. In March of 1976, the Parole Board set a minimum term on the forgery convictions, to run consecutively to the burglary sentence. In April 1976, the Washington Supreme Court denied Heinz's habeas corpus petition, and in August 1976, his forgery convictions were affirmed by the Washington courts.

In his habeas petition, Heinz alleged that automatic revocation of his parole because of his conviction denied him due process because he was not afforded a hearing in which he had an opportunity to present mitigating factors concerning his conviction to the Parole Board, the district court agreed and found R.C.W. § 9.95.120 unconstitutional insofar as it permits revocation of parole without a final revocation hearing. It ordered appellants to vacate the order revoking parole, to refrain from revoking parole unless and until a hearing has been held in accordance with *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and to credit time spent by Heinz in confinement since his arrest on the parole warrant to the sentence on his forgery convictions.

## DISCUSSION

R.C.W. § 9.95.120 states in pertinent part:

Whenever a paroled prisoner is accused of a violation of his parole, *other than the commission of, and conviction for, a felony or misdemeanor* under the laws of this state or the laws of any state where he may then be, he shall be entitled to a fair and impartial hearing of such charges within thirty days from the time that he was returned to the institution from which he was paroled before at least two members of the parole board. (Emphasis added.)

In applying the statute, the Parole Board has adopted a policy of granting a final parole revocation hearing in all cases except those in which the parolee has been convicted of a felony and sentenced to a term of imprisonment.[1]

The issues for our consideration are (1) whether Heinz was denied due process by the Parole Board's failure to hold a final revocation hearing, and (2) whether R.C.W. § 9.95.120 is unconstitutional insofar as it provides that, if a parolee is convicted of a felony while on parole, his or her parole may be revoked without the benefit of a final hearing by the state parole board as required by *Morrissey*.

Appellants contend that, once a parolee has been convicted of a new offense, a final revocation hearing is unnecessary. They argue that the sentencing court, which hears all relevant evidence, including any mitigating factors the defendant may wish to introduce, provides a sufficient forum to determine whether the parolee should be incarcerated or not, and that the Parole Board can·reasonably rely on the trial judge's determination.

Appellants also contend that since "a parolee cannot relitigate issues determined against him in other forums, as in the situation presented when the revocation is based on conviction of another crime," *Morrissey v. Brewer*, 408 U.S. at 490, 92 S.Ct. at 2605, a conviction conclusively proves a violation and the state is entitled to revoke parole if the violation is "found to be reasonable grounds for revoking parole under state standards." *Id.* They argue that the sentencing judge's determination that the parolee-defendant should be incarcerated rather than placed on probation can be extended to apply to the parole revocation as well.

Finally, the appellants argue that in any event the Parole Board's hearing to set the minimum sentence for the reincarcerated

---

1. Appellants submitted the affidavits of two Parole Board members attesting to the informal modification of the statutory directive.

parolee ensured that Heinz had an opportunity to present his arguments to the Board.[2]

█ In *Morrissey* the Supreme Court enunciated the standards and procedures to be followed in proceedings to revoke parole. Before parole may be revoked, a preliminary hearing before an independent hearing officer must be held to determine whether probable cause exists to believe that the parolee has violated the conditions of his parole. Once probable cause is found, a formal hearing is required to evaluate the alleged violations and to decide whether the evidence warrants revocation.

█ At the latter formal hearing "[t]he parolee must have an opportunity to be heard and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation." *Id.* at 488, 92 S.Ct. at 2603. Furthermore, the hearing must comply with certain procedural requirements: written notice, disclosure to the parolee of the evidence against him, an opportunity to be heard and to present witnesses and documentary evidence, the right to cross-examine adverse witnesses, a neutral hearing body, and a written statement by the factfinder as to the evidence relied upon and the reasons for revoking parole. *Id.* at 489, 92 S.Ct. 2593.

In *Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976), the Supreme Court held that, where a parolee had already been convicted of a new crime, the need for the preliminary hearing required by *Morrissey* no longer existed because the conviction provided the requisite cause to believe that the parolee had violated the terms of his or her parole. The Court did not directly address the need for a final revocation hearing, *id.* at 89, 97 S.Ct. 274; however, language in the decision strongly suggests that due process requires some form of final hearing. The Court stated that the Parole Commission had discretion to revoke parole at the appropriate time, *id.* at 83–84, 97 S.Ct. 274, and that

> in cases such as this, in which the parolee admits or has been convicted of an offense plainly constituting a parole violation, the only remaining inquiry is whether continued release is justified notwithstanding the violation.

*Id.* at 89, 97 S.Ct. at 279. The import is plain that the *Moody* Court did not consider a conviction and attendant incarceration as obviating the need for a specific determination as to revocation of parole. In other words, the existence of a violation does not automatically trigger parole revocation.

Other Circuits which have addressed the issue have concluded that a parole revocation hearing is required for parolees convicted of offenses committed while on parole. In *Moss v. Patterson*, 555 F.2d 137 (6th Cir. 1977), and *Shepard v. United States Board of Parole*, 541 F.2d 322 (2nd Cir. 1976),[3] the courts concluded that, although the fact of a violation was conclusively determined in the criminal trial, the parolee was still entitled to a hearing where he or she may present mitigating evidence to contest the revocation.

Similarly, in *United States v. Williams*, 558 F.2d 224 (5th Cir. 1977), and *McNeal v. United States*, 553 F.2d 66 (10th Cir. 1977), the courts, although addressing *Moody* problems of delay and potential prejudice, indicated that the parolee was entitled at

---

2. These hearings, at which the prisoner is not permitted to call witnesses in his behalf nor to be represented by counsel, are held pursuant to R.C.W. § 9.95.170 (1978):

> To assist it in fixing the duration of a convicted person's term of confinement, prescribing treatment for such person while in confinement and supervising and regulating his or her activities while on parole, it shall not only be the duty of the board of prison terms and paroles to thoroughly inform itself as to the facts of such convicted person's crime, but also to inform itself as thoroughly

as possible as to such *convict as a personality.*

3. *Shepard* was vacated and remanded for consideration in light of *Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976), *presumably to determine whether Moody had rendered moot the timely hearing issue.* 429 U.S. 1057, 97 S.Ct. 779, 50 L.Ed.2d 773 (1977). On remand, the Court of Appeals reversed and remanded the case to the district court as moot. 554 F.2d 64 (2nd Cir. 1977).

some point to present mitigating evidence at a hearing before the final determination of parole revocation was made.

■ Parole revocation considerations may differ from those involved in the sentencing for a criminal conviction.[4] Moreover, under Washington law certain felony convictions require mandatory prison sentences. In such cases, the trial judge will not be exercising discretion in imposing sentence and the parolee may be deprived of a meaningful opportunity to present mitigating factors.

■ We hold that R.C.W. § 9.95.120 is an unconstitutional denial of due process insofar as it permits automatic revocation of parole without a final *Morrissey* hearing for felons who are incarcerated as a result of their convictions. Although a preliminary hearing is not required because conviction of a new crime provides probable cause that a parole violation occurred, a parolee is entitled to a final revocation hearing where he or she must be afforded the full panoply of rights described in *Morrissey*.

Heinz argues on appeal that Washington's application of R.C.W. § 9.95.120 violates equal protection principles by discriminating against parolees convicted of felonies and sentenced to prison. This issue was not raised below and we need not consider it.

The judgment of the district court is affirmed.

---

4. Procedurally, sentencing at a criminal trial does not include all the safeguards required by *Morrissey*, such as a written statement by the hearing officer articulating the reasons denying continued parole. The same shortcoming is true of the minimum sentence hearing conducted by the Parole Board.