UNITED STATES of America,
Plaintiff-Appellee,

v.

Morris Gene FERGUSON,
Defendant-Appellant.

No. 79–1695.

United States Court of Appeals,
Ninth Circuit.

Submitted June 30, 1980.

Decided July 23, 1980.

John W. Tapp, Seattle, Wash., for defendant-appellant.

Christine McKenna, Asst. U. S. Atty., Seattle, Wash., for plaintiff-appellee.

Before ELY and NELSON, Circuit Judges, and KARLTON,* District Judge.

PER CURIAM:

Appellant challenges the imposition at a probation revocation hearing of the entire remainder of a suspended sentence. He urges that the district court abused its discretion in refusing to take account of mitigating circumstances before passing sentence. We agree. The sentence below is vacated and the case is remanded for resentencing before a new district judge.

* Honorable Lawrence K. Karlton, United States District Judge, Eastern District of California, sitting by designation.

On July 14, 1978, in Tulsa, Oklahoma, Morris Gene Ferguson was sentenced to the custody of the Attorney General for 36 months for conspiracy to violate the Dyer Act, 18 U.S.C. § 2313. Seventy-two days of the sentence were to be served in a jail-type institution. The remainder of the sentence was suspended and the defendant was placed on probation for 1,023 days. In April, 1979, while on probation, Ferguson entered a guilty plea to using paper similar to the currency of the United States, in violation of 18 U.S.C. § 491(a). He was sentenced to nine months' imprisonment, which he served at the Federal Penitentiary at McNeil Island, Washington. Jurisdiction of the defendant's probation was transferred to the Western District of Washington and on August 7, 1979, a petition for revocation of defendant's probation was filed.

A final revocation hearing was held on September 21, 1979, in the district court. At that hearing, Ferguson entered a plea of guilty to violating his probation. His counsel requested, and was granted, a two-week continuance to allow additional fact-gathering and to present evidence of mitigating circumstances. The following exchange then took place between counsel and the district judge:

MR. TAPP: We do not want a continuance.

THE COURT: I am already going to tell you what the sentence is going to be.

MR. TAPP: I would hope your Honor would wait until all the facts are here. I don't believe they are right now. I would hope that you would keep an open mind. The only thing that I am asking you is that—

THE COURT: Counsel, you don't listen.

MR. TAPP: Maybe you could repeat what you think I—

THE COURT: You didn't hear me say that I am going to invoke the same sentence that was invoked before, no matter what you do.

MR. TAPP: No matter what the facts are?

THE COURT: No matter what you do. The appellant then agreed to proceed with the probation revocation hearing immediately. The district judge added: "My feeling . . . is that I have no choice, either legally or otherwise, other than to impose the original sentence that was imposed . . . no matter what happens. I don't think whether we can legally do it or not makes any difference. It has always been my policy to do it this way, and I think that it should go back to exactly what it was like before." Ferguson was sentenced to the remainder of the unserved portion of the original sentence, to run concurrently with the sentence on the currency violation.

 Appellant contends that the district court abused its discretion in violation of appellant's constitutional due process rights in refusing to consider mitigating circumstances before imposing the full length of the previously suspended sentence. We agree. Due process requires that a probationer at a revocation hearing be given the opportunity to show that mitigating circumstances suggest the violation does not warrant revocation. *United States v. Diaz-Burgos*, 601 F.2d 983, 985–86 (9th Cir. 1979). *See Morrissey v. Brewer*, 408 U.S. 471, 488, 92 S.Ct. 2593, 2603, 33 L.Ed.2d 484 (1972) (parole revocation hearing). The record establishes that the judge believed that imposition of the entire suspended sentence was his sole legal option and that no evidence of mitigating circumstances presented by counsel for the defendant would alter this view. But, as we stated in *United States v. Diaz-Burgos* :

> [A]dmissions of probation violations do not end the controversy. The judge must still decide the more difficult issue whether the violations warrant revocation of probation. This involves predictive and discretionary considerations in addition to factual inquiries. Moreover, the probationer is allowed to present evidence in mitigation of the violations. Thus, admissions of probation violations, unlike guilty pleas, do not automatically trigger sentencing.

*Id.* at 985, (citation omitted) *quoting United States v. Segal*, 549 F.2d 1293, 1298 (9th Cir.), *cert. denied*, 431 U.S. 919, 97 S.Ct. 2187, 53 L.Ed.2d 231 (1977).

This case is accordingly remanded for a new hearing, at which Ferguson must be permitted to present witnesses and evidence in mitigation of the violation, and to argue in support of a lesser sanction than the imposition of his full suspended sentence.

 We further hold that the case be remanded to a different district judge. We recognize that, absent proof of personal bias of which there is none in this case, remand to a new judge is reserved for "unusual circumstances." *United States v. Arnett*, No. 79–1243 (9th Cir. Nov. 26, 1979). Such circumstances are present in this case. In *United States v. Arnett*, we set forth a three-part test for determining when remand to a new judge is proper. *Id.* at ——. The first factor is whether the original judge would reasonably be expected to put out of his mind previously expressed views or findings that were determined to be erroneous. *Id.* Because the district judge created the error in this case and because he was so adamant in his refusal to take account of mitigating circumstances, we cannot reasonably conclude that he would now be able to put his previous errors out of his mind in resentencing this defendant. Or he may tend to overreach in favor of the defendant in an effort to correct his past mistakes.

Of equal importance is whether reassignment is advisable to preserve the appearance of justice. *Id.* The original judge's steadfast refusal to consider any sentence other than the maximum, in violation of the defendant's constitutional rights, suggests that the appearance of justice would be ill served if we remand this case to the same judge.

Balanced against these considerations of fairness are countervailing values of judicial efficiency and feasibility. We will not remand to a new judge when reassignment would entail waste and duplication out of proportion to the gain in preserving the

appearance of fairness. *Id.* In this case, the original judge did not in fact consider mitigating circumstances because he believed that he had no choice other than to impose the original sentence. Thus, any duplication of effort entailed in reassignment to a new judge would be minimal.

REVERSED AND REMANDED.