**Ex parte Mathis Carl WILLIAMS.**

No. 69732.

Court of Criminal Appeals of Texas, En Banc.

Feb. 11, 1987.

Mathis Carl Williams, pro se.

---

John B. Holmes, Jr., Dist. Atty., Calvin A. Hartmann and Deborah S. Williams, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CAMPBELL, Judge.

This is a post-conviction application for a writ of habeas corpus. See Art. 11.07, V.A.C.C.P. The application was ordered filed and set to determine whether applicant was denied due process[1] when the Board of Pardons and Paroles, without holding a hearing, ordered applicant's parole revoked after determining that he had been convicted of a felony offense and sentenced to a term of imprisonment while on parole. Applicant also challenges the constitutionality of Article 42.12, § 22, V.A.C.C.P. (Supp.1986), and the automatic revocation rule, Bd. of Pardons and Paroles, 37 Tex.Admin.Code, § 145.41 (Hart Information Systems, Inc. 1985). We will grant relief.

### I.

On February 1, 1982, applicant was convicted of the felony offense of robbery and sentenced to seven (7) years confinement in the Texas Department of Corrections. Subsequently, applicant was paroled. However, on January 8, 1986, following a plea of no contest, applicant was convicted of the felony offense of unauthorized use of a motor vehicle. The trial court sentenced applicant to three (3) years confinement in the Texas Department of Corrections.

On April 11, 1986, applicant received the following letter from the Board of Pardons and Paroles:

Dear Mr. Williams:

It has recently come to the attention of the Board of Pardons and Paroles that you have been convicted of a felony offense which was committed while you were under the jurisdiction of the Board on administrative release status and were sentenced to the term of 3 years confinement in the Texas Department of Corrections.

This conviction is sufficient proof of a violation of one or more rules of your conditional release and, as such, is grounds for revocation of your release. This letter is NOTICE to you that pursuant to law and rules of this Board, your administrative release status will be Revoked based on said violation as shown by a true copy of your conviction dated 1–8–86 in the Dist. Court of Harris County, Texas. This Revocation will be administratively processed within thirty (30) days of the date of this letter. *There will not be a formal hearing.* If you wish any additional information to be considered, before this action is taken, you must send such information to the Director, Hearing Section, P.O. Box 13401; Capitol Station, Austin, Texas 78711, to arrive no later than May 11, 1986.

(R. I–8) (emphasis added). The State concedes that on June 16, 1986, the Board of Pardons and Paroles (hereinafter "Board") revoked applicant's parole on his robbery conviction. (R. I–13).

### II.

Applicant argues that the Board unconstitutionally revoked his parole when it denied him the opportunity to participate in a hearing before the Board prior to its final decision. In support of his argument, applicant cites *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), which established the federal due process requirements for parole revocation.

The State argues that the Board's own rules permitted it to revoke applicant's parole without allowing applicant to participate in a hearing because he had been convicted for a felony offense while on

---

1. Applicant relies solely upon the Due Process Clause of the Fourteenth Amendment, which provides: "[N]or shall any State deprive any person of life, liberty, or property, without due process of law...." U.S. Const. amend. XIV. No state constitutional provisions were raised in the application.

parole. See § 145.41, supra.[2] Furthermore, the State argues that the Legislature amended Article 42.12, § 22, V.A.C.C.P., in 1985 to authorize the Board to promulgate such a rule. See Acts 1985, 69th Leg., ch. 508, § 1, p. 4213, eff. Aug. 26, 1985.[3] The State concludes that the Board's denial of a hearing pursuant to Article 42.12, § 22, supra, and § 145.41, supra, does not violate due process requirements. We disagree.

In *Morrissey v. Brewer*, supra, the Supreme Court reviewed both the parolee's and the State's interests in parole,[4] and concluded that the Due Process Clause provides a parolee with several procedural rights before his parole can be revoked. [A] parole may not be revoked, consistently (sic) with the Due Process Clause, unless the parolee is afforded, first, a preliminary hearing at the time of arrest to determine whether there is probable cause to believe that he has violated his parole conditions and, second, a final hearing within a reasonable time to determine whether he has, in fact, violated those conditions and whether his parole should be revoked. For each hearing the parolee is entitled to notice of the violations alleged and the evidence against him, opportunity to be heard in person and to present witnesses and documentary evidence, and the right to confront and cross-examine adverse witnesses, unless it is specifically found that a witness would thereby be exposed to a significant risk of harm. Moreover, in each case the decisionmaker must be impartial, there must be some record of the proceedings, and the decisionmaker's

2.  Section 145.41, in pertinent part, provides:
    (a) At such time as the Board learns of an allegation of violation of one or more terms and conditions of release by an administrative releasee, the Board shall refer the matter to a parole panel for review and initial determination of disposition.
    (b) A parole panel shall review the information and make an initial determination as to:
    \* \* \* \* \* \*
    (5) recommend revocation and request the governor to issue a revocation warrant, provided that this action shall be taken only when the releasee has committed a felony offense during the time of his or her release and has been convicted at the trial court level and sentenced to penal incarceration for the offense, whether said conviction is appealed or not.
    (A) Revocation of administrative release under this paragraph shall be accomplished administratively and a releasee proceeded against under this paragraph shall not be entitled to an administrative release revocation hearing.

3.  The State concedes that prior to this amendment the Board had no statutory authority to revoke a defendant's parole without first holding a hearing, regardless of the basis for the revocation. See Art. 42.12, § 22, V.A.C.C.P. (1979); *Ex parte Glenn*, 690 S.W.2d 578 (Tex.Cr. App.1985); *Ex parte Maceyra*, 690 S.W.2d 572 (Tex.Cr.App.1985). However, the amended portion of Article 42.12, § 22, supra, in pertinent part, now provides:
    Whenever a parolee ... is accused of a violation of his parole ... on information and complaint by a law enforcement officer or parole officer, he shall be entitled to a conditional right to be heard on such charges before the Board or its designee under such rules and regulations as the Board may adopt; providing, however, said hearing shall be a public hearing and shall be held within 70 days of the date of services of a summons by the Board or of arrest under a warrant issued by the Board of Pardons and Paroles and at a time and place set by the Board; and provided further *when the Board learns that a parolee ... has been convicted in a court of competent jurisdiction of a felony offense committed while an administrative releasee and has been sentenced by the court to a term of incarceration in a penal institution, the Board may consider evidence of those facts to be a sufficient hearing and revoke the parole ... without any further hearing.*

4.  A parolee has a substantial liberty interest, despite the conditions attached to his freedom. "In many cases, the parolee faces lengthy incarceration if his parole is revoked." 408 U.S. at 482, 92 S.Ct. at 2601, 33 L.Ed.2d at 495. The State has several interests. Although the State has an "overwhelming" interest in returning an unsuccessful parolee to prison without the burden of a new trial, it "has no interest in revoking parole without some informal procedural guarantees." 408 U.S. at 483, 92 S.Ct. at 2601, 33 L.Ed.2d at 495. Furthermore, "[s]ociety ... has an interest in not having parole revoked because of erroneous information or because of an erroneous evaluation of the need to revoke parole, given the breach of parole conditions." 408 U.S. at 484, 92 S.Ct. at 2601, 33 L.Ed.2d at 496 (citations omitted). Finally, society has a strong interest in treating a parolee fairly: "fair treatment in parole revocations will enhance the chance of rehabilitation by avoiding reactions to arbitrariness." 408 U.S. at 484, 92 S.Ct. at 2602, 33 L.Ed.2d at 496 (footnote omitted).

conclusions must be set forth in written form indicating both the evidence and the reasons relied upon.

408 U.S. at 491–92, 92 S.Ct. at 2605, 33 L.Ed.2d at 500–01 (Brennan, J., concurring) (summarizing Part III (a) & (b) of the majority opinion).

The second, or final revocation hearing, provides a parolee with "an opportunity to be heard and to show, if he can, that he did not violate the conditions, or *if he did,* that circumstances in mitigation suggest that the violation does not warrant revocation." [5] 408 U.S. at 489, 92 S.Ct. at 2603, 33 L.Ed.2d at 499 (emphasis added). Once a parolee has been convicted of a felony offense and sentenced to a term of imprisonment, then the issue of whether a condition of parole has been violated has been litigated and need not be relitigated in a revocation hearing. 408 U.S. at 491, 92 S.Ct. at 2605, 33 L.Ed.2d at 500. However, a parolee still has a right to appear at a revocation hearing and present mitigating evidence showing why the violation should not result in revocation of his parole. *Heinz v. McNutt,* 582 F.2d 1190 (9th Cir. 1978); *Moss v. Patterson,* 555 F.2d 137 (6th Cir.1977); see also *In re Akridge,* 90 Wash.2d 350, 581 P.2d 1050 (1978). Cf. *Reese v. United States Board of Parole,* 530 F.2d 231 (9th Cir.1976), *cert. denied,* 429 U.S. 999, 97 S.Ct. 525, 50 L.Ed.2d 609 (allowing delay in final revocation hearing under some circumstances).

In *Heinz v. McNutt,* the Ninth Circuit Court of Appeals analyzed a Washington state statute, Wash.Rev.Code § 9.95.120 (1974), to determine whether it provided a parolee with the due process guarantees established in *Morrissey v. Brewer,* supra. 582 F.2d at 1192. Pursuant to that statute, the Washington Board of Prison Terms and Paroles had revoked the petitioner's parole without a hearing; the basis for the parole revocation had been the commission of, and

conviction for, a felony which resulted in a term of imprisonment. *Id.* The Court of Appeals found that the sentencing hearing for the parolee's conviction was not an effective substitute for a parole revocation hearing because "[p]arole revocation considerations may differ from those involved in the sentencing for a criminal conviction." 582 F.2d at 1194 (footnote omitted). In addition, the procedural safeguards provided in the sentencing portion of a criminal trial do not include all of the safeguards required by *Morrissey v. Brewer,* supra. For example, a parolee does not receive any written notice of the reasons for denying continued parole. *Id.* at n. 4. The Court of Appeals concluded that the Washington statute was unconstitutional "insofar as it permits automatic revocation of parole without a final *Morrissey* hearing for felons who are incarcerated as a result of their convictions." *Id.* at 1194.

Only a few days earlier, the Supreme Court of Washington had reached the same conclusion in construing the *same* statute. *In re Akridge,* supra. That Supreme Court held that "*Morrissey* requires that the parolee have an opportunity to explain why a subsequent conviction should not result in parole revocation." 581 P.2d at 1052. In addition, it held that such a hearing must take place before "the body vested with parole revocation authority—the board," at least until the legislature authorizes some other body to hold such a hearing. *Id.* [6]

We acknowledge that a parolee who has been convicted of a felony offense while on parole and sentenced to a term of imprisonment might not be continued on parole even if given an opportunity to offer mitigating circumstances. However, "the right to a hearing does not depend upon a demonstration of certain success." *Carey v. Piphus,* 435 U.S. 247, 266, 98 S.Ct. 1042, 1053, 55 L.Ed.2d 252, 266 (1978) (address-

---

**5.** No issue is raised concerning applicant's right to a preliminary hearing. But cf. *Moody v. Daggett,* 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976).

**6.** The Supreme Court of Washington did not address the constitutionality of the act of a

judge who holds a parole revocation hearing at the time of sentencing a defendant following that defendant's conviction for a felony offense. Nor does this Court address that issue in the instant case.

ing right to hearing prior to deprivation of property); see also *Cleveland Bd. of Education v. Loudermill*, 470 U.S. 532, 542, 105 S.Ct. 1487, 1494, 84 L.Ed.2d 494, 504 (1985). In protecting a parolee's considerable interest in liberty, a hearing is required, even after a parolee has been convicted of a felony offense sentenced to a term of imprisonment, to avoid an "erroneous evaluation of the need to revoke parole" and to promote rehabilitation by "avoiding reactions to arbitrariness." See note 4, infra, at 4.

One state court has held that due process is not denied when parole is automatically revoked following a parolee's conviction for a felony offense. *State ex rel. Bertrand v. Hunt*, 308 So.2d 760 (La.1975). We have examined that court's decision and find that it does not conform to the due process guarantees established by the Supreme Court in *Morrissey v. Brewer*, supra. Therefore, we decline to follow it.

■ In the instant case, under facts extremely similar to those in *Heinz v. McNutt*, supra, and *In re Akridge*, supra, applicant was convicted of a felony offense prior to his parole revocation hearing. While the trial for that felony offense provided applicant with an opportunity to litigate the facts which eventually formed the basis of his parole violation, applicant has not had an opportunity to litigate the appropriateness of revoking his parole before the parole board or its agent.[7] By denying applicant a hearing in which such an issue could be litigated, the Board of Pardons and Paroles has denied applicant his federal constitutional right to due process. Insofar as Article 42.12, § 22, supra, and § 145.41, supra, authorized the Board to deny applicant such a hearing, they are unconstitutional.

The order revoking applicant's parole is vacated. Applicant is entitled to a final revocation hearing consistent with this

opinion should the Board again consider revoking his parole.

It is so ordered.

ONION, P.J., dissents.

---

**7.** Although the Board informed applicant that he could send "any additional information" before it decided whether to revoke his parole, that process did not rise to the level of the procedural guarantees of personal appearance, presentation of witnesses, confrontation and cross-examination as required by *Morrissey v. Brewer*, supra.