**Ex parte Ronald MARTINEZ.**

**No. 69754.**

Court of Criminal Appeals of Texas,
En Banc.

April 29, 1987.

Angela Halfmann, Huntsville, for appellant.

Tim Curry, Dist. Atty. and C. Chris Marshall and Betty Stanton, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CLINTON, Judge.

This is a postconviction application for a writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P. Applicant argues his due process and due course of law rights were violated when, pursuant to Article 42.12, § 22, V.A.C.C.P., the Board of Pardons and Paroles (hereinafter "Board") administratively revoked his parole, without a hearing, upon learning applicant had

been convicted of a felony offense while free on parole. We agree and will grant relief.

On May 24, 1979, applicant was convicted of three separate commissions of the offense of aggravated robbery, and was sentenced to concurrent twelve year sentences. He was released on parole on December 9, 1983. Applicant was subsequently arrested and charged, on August 15, 1984, with the offense of indecency with a child, allegedly committed on the previous day. Applicant apparently remained in confinement continuously until, on April 28, 1986, he pled guilty to this offense and received a two year sentence—essentially, the time already served in the county jail. Applicant was notified by letter dated May 13, 1986, that because of this felony conviction his parole would be administratively revoked without a hearing, and on July 1, 1986, it was in fact so revoked. As applicant now asserts, he "was never provided with an opportunity to be heard in person to show that his parole should not be revoked despite his new conviction." He now claims that Article 42.12, § 22, supra, recently amended to authorize revocation of parole under these circumstances, see Acts 1985, 69th Leg., p. 4212, ch. 508, § 1, effective Aug. 26, 1985, "violates due process and due course of law as guaranteed by the Constitutions of the United States and State of Texas."

■ On a set of facts substantially identical to those presented here, we recently held Article 42.12, § 22 unconstitutional under the Fourteenth Amendment. *Ex parte Williams*, 738 S.W.2d 257 (Tex.Cr.App. 1987). In concluding that the applicant's federal due process rights had been violated, we relied on *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), which required that, before revocation of parole can occur under Iowa law,[1] the parolee must be provided "an opportunity to be heard and to show, if he can, that he did not violate the conditions, or if he did, that circumstances in mitigation suggest that the violation does not warrant revocation." 408 U.S. at 489, 92 S.Ct. 2603, 33 L.Ed.2d at 499. It was observed that "[i]n protecting a parolee's considerable interest in liberty, a hearing is required, even after the parolee has been convicted of a felony offense sentenced to a term of imprisonment, to avoid an 'erroneous evaluation of the need to revoke parole' and to promote rehabilitation by 'avoiding reactions to arbitrariness.'" At p. 259, quoting 408 U.S. at 484, 92 S.Ct. at 2601, 2602, 33 L.Ed.2d at 496. We held that "[w]hile the trial for [the] felony offense [committed while on parole] provided applicant with an opportunity to litigate the facts which eventually formed the basis of his parole violation, applicant has not had an opportunity to litigate the appropriateness of revoking his parole before the parole board or its agent." At p. 261. Inasmuch as Article 42.12, § 22, supra, and Bd. of Pardons and Paroles, 37 Tex. Admin. Code, § 145.41 (Hart Information Systems, Inc. 1985), authorize revocation without providing a hearing at which a parolee could attempt to show the Board reasons he should be continued on parole in spite of a violation, they were found to violate the Fourteenth Amendment's guarantee of procedural due process.[2]

---

1. "Iowa law provides that a parolee may be returned to the institution at any time." 408 U.S. at 475, 92 S.Ct. at 2597, 33 L.Ed.2d at 491. Apparently the parole authority in Iowa had absolute discretion in deciding whether to revoke parole in any given case.

2. The relevant proviso added to Article 42.12, § 22, supra, by the 1985 amendment reads:
   "... and provided further, when the Board [of Pardons and Paroles] learns that a parolee ... has been convicted in a court of competent jurisdiction of a felony offense committed while an administrative releasee and has been sentenced by the court to a term of incarceration in a penal institution, the Board *may* consider evidence of those facts to be a sufficient hearing and revoke the parole ... without any further hearing." (Emphasis supplied.)
   Manifestly, it remains within the Board's discretion to continue any given violator on parole despite a showing he has been convicted of a felony offense and sentenced to a term of incarceration in a penal institution. Thus, even under the amended statute, some evaluation by the Board of the need to revoke, even in view of a felony conviction and incarceration, is allowed.

■ Today we hold applicant's right to due course of law under Article I, § 19, supra, to have been likewise impermissibly abridged.

■ As under the Fourteenth Amendment, a parolee enjoys a substantial, albeit conditional "liberty" interest under Article I, § 19, for "[s]ubject to the conditions of his parole, he can be gainfully employed and is free to be with family and friends and to form the other enduring attachments of normal life." 408 U.S. at 482, 92 S.Ct. at 2600, 33 L.Ed.2d at 495. Those considerations relevant to determining what process is due under the Fourteenth Amendment are equally applicable to the determination of what "course of law" is due under our constitutional provision. Obviously a parolee has an interest in knowing the basis upon which the State would revoke his parole. The State's interests were enumerated in *Ex parte Williams,* supra, at p. 259, n. 4:

"... Although the State has an 'overwhelming' interest in returning an unsuccessful parolee to prison without the burden of a new trial, it 'has no interest in revoking parole without some informal procedural guarantees.'' 408 U.S. at 483, 92 S.Ct. at 2601, 33 L.Ed.2d at 495. Furthermore, '[s]ociety ... has an interest in not having parole revoked because of erroneous information or because of an erroneous evaluation of the need to revoke parole, given the breach of parole conditions.' 408 U.S. at 484, 92 S.Ct. at 2601, 33 L.Ed.2d at 496 [citations omitted]. Finally, society has a strong interest in treating a parolee fairly: 'fair treatment in parole revocations will enhance the chance of rehabilitation by avoiding reactions to arbitrariness.' 408 U.S. at 484, 92 S.Ct. at 2602, 33 L.Ed.2d at 496 [footnote omitted]."

At least so long as such discretion remains vested in the Board, due process and due course of law dictate that a parolee be afforded a hearing to ventilate reasons he believes that discretion ought to be exercised in his favor. To the extent it authorizes the Board to exercise its discretion without providing a given parolee this opportunity, we now hold, as we did in *Ex parte*

We conclude that due course of law, like due process, requires at the least "an informal hearing structured to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior." 408 U.S. at 484, 92 S.Ct. at 2602, 33 L.Ed.2d at 496.

■ Applicant here does not contest the finding that a violation of a condition of his parole occurred. Indeed, "a parolee cannot relitigate issues determined against him in other forums, as in the situation presented [here] when the revocation is based on conviction of another crime." 408 U.S. at 490, 92 S.Ct. at 2605, 33 L.Ed.2d at 499. Entertaining a presumption here that the "evidence" which Article 42.12, § 22, supra, provides the Board "may consider" in lieu of a hearing was adequate to identify applicant as one and the same person as that who was convicted while applicant was on parole, we do not now pass on the question whether applicant has been afforded an adequate hearing, and hence, due course of law, to determine that a violation occurred.

Rather, applicant asserts that due course of law requires he be given a hearing at which to air mitigating circumstances before the Board. Recognizing he may not relitigate the *fact* that he has been convicted, applicant maintains that nevertheless he is entitled to present evidence to the Board in mitigation to show that his conviction was founded on "a case of weak evidence, where the [applicant] pled guilty to the minimum sentence for time already served and where the parole officer himself does not believe [a]pplicant's parole should have been revoked." We agree. At least so long as Article 42.12, § 22, supra, vests some discretion in the Board to continue a violator on parole despite a subsequent felony conviction and sentence of incarceration, due course of law requires all such

*Williams,* supra, that the 1985 amendment to Article 42.12, § 22, supra, is unconstitutional. Because the Legislature did not make *mandatory* the revocation of parole in *every* case in which it was shown to the Board that a parolee was convicted and incarcerated for a felony offense while on parole, we are not called upon to decide the constitutionality of such a scheme.

violators be given an opportunity for a hearing to present precisely the sort of evidence applicant proffers here, in an effort to inform the Board's discretion.[3]

The order revoking applicant's parole is vacated. Applicant is entitled to a final revocation hearing consistent with this opinion in the event the Board should again consider revoking his parole.

It is so ordered.

McCORMICK, J., concurs in result.

ONION, P.J., and WHITE, J., dissent.

---

**3.** Again, we do not reach the question whether due course of law would require such a hearing if the current statute was mandatory. See n. 2, *ante.*