68 F.3d 480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Wayne L. ANDUHA, Petitioner-Appellant,
v.
Charles D. MARSHALL, Warden, Respondent-Appellee.
 No. 94-55187.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 9, 1995.
Submission Vacated April 21, 1995.
Resubmitted Aug. 24, 1995.
Decided Oct. 19, 1995.
 
 Before: BROWNING, D.W. NELSON and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I.
 
 2
 State prisoner Wayne LaVale Anduha appeals the denial of his habeas petition. While on parole for murder from the California Youth Authority ("CYA"), Anduha was arrested, convicted, and sentenced to forty-four months for possession of an illegal weapon and cocaine. CYA recommended that the state court revoke Anduha's parole and recall and resentence him for the murder conviction. Without holding a parole revocation hearing, the state court resentenced Anduha to 27 years to life in state prison.
 
 
 3
 After the California Supreme Court denied Anduha's state habeas petition, Anduha filed a petition in federal district court, arguing (1) the state court could not legally resentence him without a diagnostic study, and (2) his counsel was constitutionally ineffective. The district court denied Anduha's petition. We affirm in part, reverse in part, and remand for an evidentiary hearing.
 
 II.
 
 4
 Anduha argues Cal. Welf. & Inst. Code Sec. 1737 required an exhaustive diagnostic study justifying the recall based on Anduha's "values, psychology, personal history, family background, education, skills, achievements, and behavioral qualities," and that without such a diagnostic study the state court lacked jurisdiction to recall and resentence Anduha. The state argues a diagnostic study was not required. We conclude Anduha's recall and resentencing did not violate Sec. 1737.
 
 
 5
 The purpose of a diagnostic study is to determine whether the ward would benefit from further CYA custody. See Cal. Welf. & Inst. Code Sec. 707.2. Thus, "[t]he Department may recommend that the committing court recall a commitment when it is determined that the ward will no longer materially benefit by Youth Authority commitment." Cal. Code Regs. tit. 15 Sec. 4188.5 (emphasis added). "A person will be materially benefited when there is reasonable possibility that his likelihood to commit delinquent behavior can be significantly reduced or eliminated within the confinement time and jurisdiction time available." Cal. Code Regs. tit. 15 Sec. 4171 (emphasis added). Anduha was serving a three year term in state prison. Moreover, because of his age Anduha had only one month of CYA eligibility remaining. Cal. Welf. & Inst. Code Sec. 1771. This information was before the state court and irrefutably established that further CYA custody of Anduha would be pointless. Under these circumstances the state court had authority to recall and resentence Anduha at the request of CYA without a prior diagnostic study. People v. Najera, 272 Cal. Rptr. 413, 416, 222 Cal. App. 3d 1507, 1513 (Cal. Ct. App. 1990) (affirming recall of 24-year old CYA parolee under Sec. 1737 in part due to "the length of time remaining on his [CYA] commitment.").
 
 III.
 
 6
 Anduha also complains that he did not have effective assistance of counsel at his resentencing because counsel failed to request a parole revocation hearing to present evidence of Anduha's CYA rehabilitation, including his completion of a three-year carpentry trade program, a barber's program, alcohol treatment, and thirty units of college credit with a B+ grade point average; and of the fact that Anduha held a construction job and enrolled in a cosmetology school while on parole.
 
 
 7
 Anduha had a right under the Fourteenth Amendment to a "hearing where he ... may present mitigating evidence to contest the revocation" before the state revoked his parole and resentenced him to state prison. Heinz v. McNutt, 582 F.2d 1190, 1193 (9th Cir. 1978); Morrissey v. Brewer, 408 U.S. 471, 488 (1971). See also United States v. Ferguson, 624 F.2d 81, 83 (9th Cir. 1980).
 
 
 8
 Anduha argues the state court would not have resentenced him if it had heard this evidence, along with the circumstances of the new convictions. He argues that he had already served his time for the murder conviction, and that the forty-four month sentence was sufficient punishment for the drug and weapon charge.
 
 
 9
 Anduha's pro se petition squarely raised counsel's failure to properly address the facts of Anduha's case -- which include the mitigating circumstances. Construed liberally, these allegations can be read as presenting Anduha's claim that counsel was ineffective because he failed to present the mitigating circumstances to the court on resentencing. Maleng v. Cook, 490 U.S. 488, 493 (1989).[1]
 
 
 10
 However, the record is inadequate to determine whether counsel's failure to demand a Morrissey hearing was the product of constitutional ineffectiveness or an informed tactical decision. People of Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir. 1984). Some evidence suggests that Anduha did not adjust well to parole.[2] Thus, counsel may have made an informed strategic decision that a thorough examination of Anduha's CYA and post-parole record would do Anduha more harm than good. Without an evidentiary hearing, we cannot determine whether counsel's actions were outside "the wide range of professionally competent assistance," and, if so, whether there is a reasonable probability that counsel's failure to present mitigating evidence caused Anduha to be resentenced. Hendricks v. Vasquez, 974 F.2d 1099, 1109-1110 (9th Cir. 1992) (quoting Strickland v. Washington, 466 U.S. 668, 687-90 (1984)). We therefore remand for an evidentiary hearing on Anduha's ineffective assistance of counsel claim.[3]
 
 
 11
 AFFIRMED IN PART, REVERSED IN PART, and REMANDED for proceedings consistent with this disposition.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Anduha's pro se petition alleges "Counsel failed to research the law and facts of the case." His pro se traverse elaborated:
 Here in petitioner's matter, defense Counsel failed to present to the Court the mitigating circumstances that could have contrasted petitioner's case with those defendants circumstances that were obviously non reformable in the Youth Authority. Counsel failed to provide at the Sentencing that petitioner's recall was an abuse of the Court's discretion because petitioner was paroled once from the California Youth Authority for a period of nine months and that during this time he had acquired a job in Construction, had enrolled in beauty school and successfully completed a alcoholic school program. He had not been construed as being a threat to Society ...
 Traverse at 4-5 (errors in original). Cf. Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (holding claim must be raised in petition, not only in traverse).
 
 
 [2]
 Evidence in the record indicates shortly before his arrest on the drug and weapon charges, Anduha dropped out of cosmetology school, lost his construction job, and suffered from palpitations, fearfulness, loss of self-confidence, irritability, loss of sleep, anxiety, tension, depression, and fatigue
 
 
 [3]
 Anduha also contends that his resentencing violated due process because the sentencing court erroneously believed Anduha was arrested only four days rather than four months after his release. However, the state court explicitly denied the misinformation had influenced the sentence and reaffirmed the sentence after learning of the error. Oxborrow v. Eikenberry, 877 F.2d 1395, 1400 (9th Cir. 1989)