IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,129-01






EX PARTE CLARENCE DAWSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1991-601-C2A IN THE 54
TH JUDICIAL DISTRICT COURT


FROM MCLENNAN COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to burglary of a habitation and was
sentenced to twenty years' imprisonment. He was released on parole, and his parole was subsequently
revoked after he was convicted of a new felony offense.

 Applicant contends, inter alia, that he was denied a parole revocation hearing. Under the Texas
Government Code:

 If a parole panel or designated agent of the board determines that a releasee or person
granted a conditional pardon has been convicted of a felony offense committed while an
administrative releasee and has been sentenced to a term of confinement in a penal
institution, the determination is considered to be a sufficient hearing to revoke the parole
or mandatory supervision or recommend to the governor revocation of a conditional
pardon without further hearing, except that the parole panel or designated agent shall
conduct a hearing to consider mitigating circumstances if requested by the releasee or
person granted a conditional pardon.


Tex. Gov't Code § 508.281(b). Applicant alleges that he tried to request such a mitigation hearing, but
that his parole was revoked without conducting such a hearing.

 Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Williams, 738 S.W.2d
257, 261 (Tex. Crim. App. 1987). In these circumstances, additional facts are needed. As we held in Ex
parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum
for findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, §
3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant was informed of his rights in the
revocation process, and whether he invoked his right to a mitigation hearing. If Applicant did request a
mitigation hearing, the trial court shall make findings as to when such a request was made, and as to
whether such a hearing was conducted prior to the revocation of Applicant's parole. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 

Filed: January 23, 2008

Do not publish