

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,388-01

### EX PARTE ERNEST WELTON BELLOTTE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. D-1-DC-95-952572-A IN THE 299TH DISTRICT COURT
### FROM TRAVIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with a child by contact and sentenced to seventeen years' imprisonment.

Applicant alleges, among other things, that his parole was revoked without notice of a hearing and without the opportunity to present witnesses. Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Williams*, 738 S.W.2d 257 (Tex. Crim. App. 1987). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact.

The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d), in that it may order the Texas Board of Pardons and Paroles and/or the Texas Department of Criminal Justice, Institutional Division to file an affidavit listing Applicant's sentence begin date, the dates upon which Applicant was released to any period of parole or mandatory supervision, and the dates of the issuance of any revocation warrants leading to the revocation of such parole or mandatory supervision. The affidavit should also state whether Applicant was afforded a parole revocation hearing, and if not, why not.

The trial court may also order depositions, interrogatories or a hearing. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings as to whether Applicant received a parole revocation hearing prior to the revocation of his parole, and if not, why not. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed:   January 27, 2016
Do not publish