

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,232-02

### EX PARTE WARMINSKI BRONER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W-024510-02-D-WR IN THE 320TH DISTRICT COURT
### FROM POTTER COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault and sentenced to imprisonment for life.

Applicant alleges that his parole was denied by the Board of Pardons and Paroles before his parole was revoked and that he did not received written statements of the parole board's reasons for revoking his parole. Applicant has alleged facts that, if true, might entitle him to relief. *Ex Parte Carmona,* 185 S.W.3d 492 (Tex. Crim. App. 2006)*; Ex parte Williams*, 738 S.W.2d 257 (Tex. Crim. App. 1987). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*,

334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact.

The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d), in that it may order the Texas Board of Pardons and Paroles and/or the Texas Department of Criminal Justice, Institutional Division to file an affidavit listing Applicant's sentence begin date, the dates upon which Applicant was released to any period of parole or mandatory supervision, and the dates of the issuance of any revocation warrants leading to the revocation of such parole or mandatory supervision. The affidavit should also state whether Applicant was afforded a parole revocation hearing, and if not, why not. The affidavit should also state the parole board's reasons for revoking Applicant's parole and whether or not Applicant received written notice of the reasons for revocation.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings as to whether Applicant received a parole revocation hearing prior to the denial of his parole, and if not, why not. The trial court shall also make findings as to the reasons for revocation and whether Applicant received written notice of the reasons for revocation. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: July 25, 2018
Do not publish