

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,975-01

**EX PARTE DANIEL JOHN RAMOS, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W10-22551-L(A) IN THE CRIMINAL DISTRICT COURT NO. 5
### FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of burglary of a habitation and sentenced to 25 years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he is being denied due process because, since June 30, 2020, he has been held pursuant to a parole revocation warrant which has prevented him from bonding out on a new charge. The current record before this Court suggests, but does not establish, that Applicant received a preliminary revocation hearing while the new charge was pending. The record is unclear on this matter because the notice and preliminary hearing materials are undated and unsigned. In addition, the State asserts that it "is not in possession of the information needed to address

Applicant's claim" because such evidence is in the Board's possession. The State requests that the trial court enter an order designating issues and communicate with the Board to address Applicant's claims.

Applicant has alleged facts that, if true, might entitle him to relief. *Morrissey v. Brewer,* 408 U.S. 471, 488 (1972); *Ex parte Williams,* 738 S.W.2d 257, 259-60 (Tex. Crim. App. 1987). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to obtain a response from a person with knowledge of relevant facts. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d).

The response shall state whether Applicant is being held pursuant to a parole revocation warrant, and if so, the date upon which that warrant was executed. The response shall state whether (and if so, when): (a) the pre-revocation warrant was executed; (b) Applicant was advised of his rights in the revocation process; (c) Applicant requested a preliminary hearing; and (d) Applicant was afforded a preliminary hearing. If Applicant is also being held on new charges, the response shall state whether Applicant has been indicted on those charges, and if so, when the indictment was returned.

If the trial court elects to hold a hearing, it shall determine whether Applicant is represented by counsel. If Applicant is not represented by counsel, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's

name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant is receiving due process in the parole revocation proceedings. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:  October 20, 2021
Do not publish