

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-69,600-02

### EX PARTE EMANUEL AARON PADILLA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. FR 57465-B IN THE 27TH DISTRICT COURT
### FROM BELL COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of possession of a controlled substance with intent to deliver and sentenced to 15 years' imprisonment. The Court of Appeals affirmed his conviction. *Padilla v. State,* No. 03-06-00455-CR (Tex. App.—Austin, February 2, 2007, no pet.). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

The current record before this Court and the trial court's findings and conclusions address Applicant's claims concerning his sentence and time served in prison, on parole, and in jail. However, Applicant's claims also concern the pending parole revocation proceedings and the constitutionality of Applicant's confinement pursuant to the revocation warrant.

Applicant contends, among other things, that he was arrested on a parole pre-revocation warrant on April 29, 2020. He states that he has been in custody for over a year on a pre-revocation hold. He avers that he could have bonded out of jail on "alleged new charges" if the pre-revocation warrant had not prevented him from doing so. Applicant asserts that he waived the preliminary hearing and his parole was continued to a final revocation hearing, but the Board of Pardons and Paroles still has not afforded him a final hearing. *See Morrissey v. Brewer,* 408 U.S. 471, 488 (1972); *see also Ex parte Williams,* 738 S.W.2d 257, 259 (Tex. Crim. App. 1987).

Applicant has alleged facts that, if true, might entitle him to relief. *Morrissey,* 408 U.S. at 488, 490. Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Board of Pardons and Paroles' Office of the General Counsel to obtain a response from a person with knowledge of relevant facts concerning the pending parole revocation procedures. The trial court shall also state whether Applicant is in custody on a revocation allegation that he committed new offenses. TEX. GOVT' CODE § 508.282(a)(1). Additionally, the trial court shall confirm whether Applicant is in custody on pending charges or convictions. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant received a final hearing within a reasonable time. *See Morrissey,* 408 U.S. at 488, 490; *Williams,* 738

S.W.2d at 259. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: November 3, 2021
Do not publish