

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,436-01

**EX PARTE MARIO AYALA, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 2016CR10229-W1 IN THE 227TH DISTRICT COURT FROM BEXAR COUNTY

*Per curiam*.

## O R D E R

Applicant pleaded guilty to burglary of a habitation and was placed on deferred adjudication community supervision. Applicant's guilt was adjudicated, and he was sentenced to two years' imprisonment. Applicant did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that he is being denied due process in the parole revocation process because he has not been afforded a timely revocation hearing. The trial court made findings of fact and recommends that the Court dismiss this application as moot. However, the trial court's findings do not address whether Applicant was afforded a preliminary revocation

hearing.

Applicant has alleged facts that, if true, might entitle him to relief. *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972); *Ex parte Williams*, 738 S.W.2d 257, 259-60 (Tex. Crim. App. 1987). In these circumstances, additional facts are needed. The trial court is the appropriate forum for findings of fact. TEX. CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to obtain a response from a person with knowledge of relevant facts. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d).

The response shall state whether Applicant is being held pursuant to a parole revocation warrant, and if so, the date upon which that warrant was executed. The response shall state whether (and if so, when): (a) the pre-revocation warrant was executed; (b) Applicant was advised of his rights in the revocation process; (c) Applicant requested a preliminary hearing; and (d) Applicant was afforded a preliminary hearing. If Applicant is also being held on new charges, the response shall state whether Applicant has been indicted on those charges, and if so, when the indictment was returned.

If the trial court elects to hold a hearing, it shall determine whether Applicant is represented by counsel. It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant is receiving due process in the parole revocation proceedings. The trial court shall make specific

findings as to whether Applicant requested or has received a preliminary hearing. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: February 9, 2022
Do not publish